## Joseph Damiani et al., Executors, Appellees, v. Sophie De Trana et al., Appellants.

### Gen. No. 21,858.

1. WILLS, § 393*—*when provision construed as gift to take effect at death of testator.* The first part of a clause in a will devised and bequeathed to trustees a certain sum "from all of what I may be possessed at the time of my death," to be held in trust for the children by the testator's first wife, and thereafter concluded, "said amount being the capital plus interest and gains made by me on the amount my first wife left to me for said children, at the time of her death." *Held,* that the clause was not to be construed as a ratification of an existing trust created by his first wife nor as a gift *in præsenti,* but as a gift to take effect at the time of his death, prior to which time no interest could be charged on it.

2. WILLS, § 454*—*when will construed as providing for special bequest.* Provision of will construed as creating a special bequest taking precedence over a general bequest to testator's widow of one-third of his whole estate.

3. WILLS—*when executors not estopped to file bill to learn meaning of clause.* That executors in making their inventory in the Probate Court recited a special bequest as part of the estate does not estop them to file a bill to ascertain the meaning of the clause making such bequest.

4. WILLS, § 435*—*when amount of solicitor's fees is reasonable.* On a bill of complaint by executors to construe a will, the amount of solicitor's fees *held* reasonable.

5. WILLS, § 434*—*when costs apportioned in suit to construe will.* Where a bill of complaint to construe a will is instituted from necessity, the costs, including solicitor's fees, will be apportioned according to the amounts taken by the different beneficiaries.

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed May 31, 1917.

THEODORE PROULX and CYRUS J. WOOD, for appellants.

FLYNN & LYON, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

THOMAS B. LANTRY, Guardian *ad litem*.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The bill of complaint in this case was filed by Joseph Damiani, Frank De Trana and Alexander De Trana, as executors and trustees of the last will and testament of Joseph De Trana, deceased, to ascertain the meaning of certain clauses in said will.

The testator, Joseph De Trana, died on February 11, 1913, leaving him surviving, his widow, Sophie De Trana (who was his second wife), and three children (all minors), Joseph De Trana, Albertina De Trana and Rocco De Trana. The mother of the three children was Maud De Trana, the testator's first wife. The widow and the three children are the beneficiaries named in the will, and are defendants in this cause. The widow, Sophie De Trana, answered, and Thomas B. Lantry, after being appointed guardian *ad litem* for the minors, filed an answer submitting their rights to the consideration of the court.

The reason for filing the bill of complaint in this cause is that the fourth and seventh clauses of said will give rise to some ambiguity and some uncertainty of meaning. The fourth clause is as follows:

"From all of what I may be possessed at the time of my death, I give, devise and bequeath to my trustees hereinafter named, and their successors in this trust, the sum of Five Thousand ($5,000) Dollars, in trust, nevertheless, and upon the uses and trusts and for the purpose, viz.: to be held by them for the children of my first wife who are Joseph De Trana, Rockey De Trana and Albertina De Trana, to be divided between them, in equal shares, with the accumulated income thereon if not expended for the purposes hereinafter expressly mentioned, viz.: the shares of the said Joseph and Rockey De Trana, to be paid to them as soon as they attain majority, and the share of the said Albertina De Trana to be paid to her when she attains

the age of twenty-five (25) years. Said amount being the capital plus interest and gains made by me on the amount my first wife left to me for said children, at the time of her death. Said amount will be found either in ready cash or in securities in my vault.''

The seventh clause of said will is as follows:

''I give, devise and bequeath to my wife, Sophie De Trana, one-third (⅓) of all of my estate, real, personal or mixed, and in addition thereto all of my household furniture with the exception of the articles hereinbefore bequeathed.''

Upon the hearing of the cause in the court below, there was offered in evidence, by the complainants, the will in question; letters testamentary to the executor; the bond of the executors; the account of the executors filed in the Probate Court, approved May 12, 1914, showing the balance on hand to be $9,212.15; the table of heirship; the inventory; the appraisement bill, and letters of guardianship.

The evidence of the appellant, Sophie De Trana, and an agreement of counsel, taken together, show that Maud De Trana, in 1904, received about $800 or $900 from the estate of her mother; that the securities inventoried bear a date subsequent to that of the will; that at the time the will was drafted there was in the safety box of the deceased cash or securities to the amount of $5,000.

The chancellor, in construing the fourth and seventh clauses of the will, found that the testator merely ratified a trust already created by his first wife in favor of his children; that the sum of $5,000 mentioned in the fourth clause was never a part of the estate of the deceased; that the said clause was, in legal effect, a declaration of trust; that the fund was the capital plus interest and gains made by him on the amount left to him by his first wife for his children; that it bears interest at the rate of five per cent. per annum from August 24, 1907, the date of the will, up to the time of actual payment; that the widow took an undivided one-

third of what remained after the payment of the $5,000 and interest.

It is to be observed that the will announces in the first part of the fourth clause that the testator gives, devises and bequeaths to the trustees only from what he may be possessed at the time of his death. The fact that the will states in the latter part of said clause that the $5,000 is the capital plus interest and gains made by him on the amount his first wife left him for the children, does not in any way change the normal meaning of the words in the first part of said fourth clause. It was, therefore, not a gift *in præsenti,* that is, of the date of the will. He undertook to state that at a future uncertain time, the time of his death, there should be taken from what he then possessed at that future time, the sum of $5,000, and that that amount should then be placed in trust for his children. We do not find any justification for the conclusion that the testator merely ratified a trust which had already been created by his first wife. If at the time of his death his estate did not equal $5,000, it could not be claimed that the testator had been guilty of a breach of trust, yet that conclusion would be inevitable if the will is looked upon as a ratification of a trust already in existence.

The property, of course, belonged to the testator, and the bequest was obviously inspired by a sense of what would be fair to the children of his first wife and not by any sense of legal obligation.

As to the seventh clause, we are of the opinion that it means, taken in conjunction with the rest of the will, that the widow shall receive one-third of the whole estate, that is, for example, if the estate equals $9,000 she would be entitled to $3,000, but no part of said $3,000 until there was first paid the $5,000 provided for in the fourth clause; and the reason for that is, a

special bequest takes precedence over a general bequest.

Putting the construction upon the will which we have, it follows that no interest may be charged on the $5,000 prior to the time of the death of the testator.

We do not find that the record discloses that any competent evidence offered on behalf of appellant was erroneously excluded.

It is claimed by the appellant that as the executors in making their inventory in the Probate Court recited the $5,000 as a part of the testator's estate, they were estopped from filing the bill of complaint in this cause. That position is untenable.

As to the amounts which were allowed for solicitor's fees, we are of the opinion that they are reasonable.

Inasmuch as this proceeding was instituted, from necessity, to determine the proper meaning of the will in question, we are of the opinion that all the costs, including solicitor's fees, should be apportioned, according to the amounts taken by the different beneficiaries under the will.

*Reversed and remanded.*